IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. J. Bradley Mortgage Capital, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 16-11049 (KG)<br>(Jointly Administered)<br><br>Hearing Date:  September 26, 2016 at 2:00 p.m.<br>Objection Deadline:  September 19, 2016 at 4:00 p.m.<br>Related D.I.: 129 |

**WJB LOAN LP'S STATEMENT REGARDING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF DEBTORS' MORTGAGE LOANS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

WJB Loan LP ("Loan LP"), by and through its undersigned counsel, hereby respectfully submits this *Statement Regarding Chapter 7 Trustee's Motion to Approve Sale of Debtors' Mortgage Loans Free and Clear of All Liens, Claims, Interests and Encumbrances* (the "Sale Motion") [D.I. 129], and respectfully states as follows:

1. Loan LP supports the sale of the loans subject to the Sale Motion, which loans include the "Unsold Loans Held for Cash," as defined in Loan LP's *Motion for an Order Providing (I) That Certain Loans Held by Debtor W.J. Bradley Mortgage Capital, LLC, and Proceeds Thereof, Are Not Property of the Estate to the Extent of WJB Loan LP's Participations, (II) That the Trustee Holds Such Loans and Proceeds in Constructive Trust for WJB Loan LP, and (III) That the Trustee Provide Information Regarding Such Loans and/or Proceeds* [D.I. 96] (the "Loan LP Motion").

2. At a hearing on the Loan LP Motion, and over objection from the chapter 7 trustee for W.J. Bradley Mortgage Capital, LLC's ("WJB Mortgage") estate (the "Trustee"), this

---

[1] The Jointly Administered Debtors in these cases are: W.J. Bradley Company Merchant Partners 2003-Seed LLC, Case No. 16-11048; W.J. Bradley Mortgage Capital LLC, Case No. 16-11049; W.J. Bradley Corporate Services LLC, Case No. 16-11050; W.J. Bradley Financial Services LLC, Case No. 16-11051; WJB Mortgage Services LLC, Case No. 16-11052.

{01148259;v1 }

Court granted the Loan LP Motion. The Court determined that, among other things, Loan LP has an ownership interest in the Unsold Loans Held for Cash (and that Loan LP is entitled to receive any proceeds, including sale proceeds, of the Unsold Loans Held for Cash), to the extent of its participation interests therein. *See* Transcript on the Loan LP Motion at 56:2-57:7. Loan LP has submitted to this Court a proposed order under certification of counsel embodying this determination (the "Proposed Loans Held for Cash Order") [D.I. 143].[2] The Sale Motion covers the Unsold Loans Held for Cash, as well as two loans in which Loan LP has no interest.

3. Based on discussions with counsel to the Trustee over the Proposed Loans Held for Cash Order, it is not clear whether the Trustee intends to pursue the Sale Motion. Specifically, counsel to the Trustee indicated that in light of the Court's ruling on the Loan LP Motion, in the absence of some compensation to which he clearly is not entitled, the Trustee may simply "sit on the loans" rather than incur the costs of sale.

4. The Trustee has duties to Loan LP and all creditors – in addition to its ownership interest in the Unsold Loans Held for Cash, Loan LP also is a creditor of WJB Mortgage's estate – to, among other things, "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest," and "be accountable for all property received." 11 U.S.C. § 704(a)(1)-(2). Clearly that is what the Trustee intended to do with the Sale Motion, and should proceed to do now. The Trustee should continue to discharge his duties, including liquidating and monitoring the loans held by that estate, and distribute proceeds in accordance with the Bankruptcy Code and with this Court's decisions.

---

[2] The Trustee has submitted a competing form of order under certification with respect to the Loan LP Motion [D.I. 144].

{01148259;v1 }                                2

5. Loan LP is willing to provide assistance to the Trustee to facilitate his pursuit of the sale contemplated in the Sale Motion. If the Trustee chooses not to pursue the Sale Motion, effectively abandoning any interest it might have in the Unsold Loans Held for Cash, Loan LP also is willing to work with the Trustee in order independently to protect and sell the Unsold Loans Held for Cash.

6. Loan LP reserves all rights with regard to the Sale Motion, including the right to raise any objections at or prior to a hearing on the Sale Motion.

| | |
|---|---|
| Dated: September 19, 2016<br>Wilmington, Delaware | ASHBY & GEDDES, P.A.<br><br>*/s/ Benjamin W. Keenan*<br>William P. Bowden (No. 2553)<br>Benjamin W. Keenan (No. 4724)<br>F. Troupe Mickler, IV (No. 5361)<br>500 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888<br>Facsimile: (302) 654-2067<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>John G. Hutchinson<br>Lee S. Attanasio<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br><br>*Counsel for WJB Loan LP* |