**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>W. J. Bradley Mortgage Capital, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 16-11049 (KG)<br>(Jointly Administered)<br><br>Hearing Date: March 21, 2017 at 10:00 a.m.<br>Objection Deadline: March 14, 2017 at 4:00 p.m.<br>Related D.I.: 221 |

**WJB LOAN LP'S OBJECTION AND RESERVATION OF RIGHTS TO MOTION OF JOSEPH CAMBI FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO PERMIT THE PAYMENT AND/OR ADVANCEMENT OF DEFENSE COSTS FROM THE PROCEEDS OF DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICIES**

WJB Loan LP ("Loan LP"), by and through its undersigned counsel, hereby respectfully submits this *Objection and Reservation of Rights to Motion of Joseph Cambi for an Order for Relief from the Automatic Stay, to the Extent Applicable, to Permit the Payment and/or Advancement of Defense Costs from the Proceeds of Directors and Officers Liability Insurance Policies* (such motion, the "Cambi Motion") [D.I. 221], and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  By the Cambi Motion, movant Joseph Cambi ("Cambi") asks this court to provide him with access to a directors and officers liability insurance policy (the "Policy"), purchased by W.J. Bradley Company Merchant Partners 2003-Seed LLC ("Seed"), to cover his defense costs incurred in connection with a lawsuit (the "MIMS Action") brought against Cambi by MIMS Master Fund L.P. ("MIMS"), Loan LP's limited partner. The Motion is fundamentally flawed because Cambi has no rights to the insurance policy in connection with the MIMS Action.

---

[1] The Jointly Administered Debtors in these cases are: W.J. Bradley Company Merchant Partners 2003-Seed LLC, Case No. 16-11048; W.J. Bradley Mortgage Capital LLC, Case No. 16-11049; W.J. Bradley Corporate Services LLC, Case No. 16-11050; W.J. Bradley Financial Services LLC, Case No. 16-11051; WJB Mortgage Services LLC, Case No. 16-11052.

{01196225;v1 }

2.  The MIMS Action is a suit against Cambi on a personal guaranty he issued in connection with Loan LP's Partnership Agreement and Participation Agreement (each as defined below). Because the Policy only provides coverage to Executives and Employees (each as defined in the Policy) *in their capacity as such*, Cambi is not entitled to coverage for defending a lawsuit brought against him personally. Allowing Cambi to access the Policy would reduce the funds available under that Policy in connection with actions that may be brought on behalf of the above-captioned debtors (the "Debtors"), which funds could provide recoveries for creditors. In any event, Cambi has no standing to request relief from the automatic stay to access funds under the Policy, and the Cambi Motion should be denied.

**RELEVANT BACKGROUND**

3.  On December 9, 2015, MIMS, as limited partner of Loan LP, and WJB General Partner, LLC ("WJB GP"), as general partner, entered into the Second Amended and Restated Limited Partnership Agreement of Loan LP (the "Partnership Agreement"). A copy of the Partnership Agreement is attached hereto as Exhibit A. As Loan LP previously has described to the Court,[2] on that same day, W.J. Bradley Mortgage Capital, LLC ("WJB Mortgage") and Loan LP entered into a participation agreement (the "Participation Agreement") whereby Loan LP purchased participations in certain mortgage loans held by WJB Mortgage. A copy of the Participation Agreement is attached hereto as Exhibit B. The Participation Agreement expressly states that it was entered into "[i]n connection with that certain Second Amended and Restated Limited Partnership Agreement of WJB Loan LP," Participation Agmt. at 1. The form Participation Agreement was attached as Exhibit A-3 to the Partnership Agreement, as a form of

---

[2] *See, e.g.*, Motion of WJB Loan LP for an Order Providing (I) That Certain Loans Held by Debtor W.J. Bradley Mortgage Capital, LLC, and Proceeds Thereof, are not Property of the Estate to the Extent of WJB Loan LP's Participations, (II) That the Trustee Holds Such Loans and Proceeds in Constructive Trust for WJB Loan LP, and (III) That the Trustee Provide Information Regarding Such Loans and Proceeds [D.I. 96] and the Declaration of Peter Harrison dated July 19, 2016, in support thereof [D.I. 97].

"Investment Acquisition Agreement" that could be used by the Partnership to acquire Mortgage Loan Interests (specifically, the participation interests), which is what occurred.  This was part of a larger set of transactions involving WJB Mortgage and certain of its affiliates (including WJB GP) controlled by Cambi through his controlling interest in Springfield Capital, LLC, which was contemporaneously acquiring a controlling interest in Seed.

       4.       As part of these transactions, Cambi, who is the ultimate majority shareholder of both WJB GP and WJB Mortgage, executed a limited guaranty (the "Guaranty") in favor of MIMS, in which he guaranteed WJB GP's, Loan LP's, and WJB Mortgage's performance of their obligations under and in connection with the Partnership Agreement, including therefore obligations under the Participation Agreement.  A copy of the Guaranty is attached hereto as Exhibit C.

       5.       Because of WJB GP's and WJB Mortgage's failure to pay certain sums when due, Cambi was required to fulfill his obligations under the Guaranty.  Cambi refused to do so, and on March 30, 2016, MIMS commenced a lawsuit against Cambi in the Supreme Court of the State of New York, County of New York, captioned *MIMS Master Fund, L.P. v. Joseph A. Cambi*, Index No. 651693/2016 (the "MIMS Action").  MIMS filed an amended complaint (the "Amended Complaint") on June 30, 2016.  A copy of the Amended Complaint is attached hereto as Exhibit D.  The Amended Complaint seeks recovery from Cambi only in connection with his Guaranty, and not in connection with any role he had as a director or officer of Seed or any of the other Debtors.

       6.       On February 28, 2017, Cambi filed the Cambi Motion seeking payment of his defense costs in connection with the MIMS Action.  Cambi does not indicate that the insurer has performed any sort of analysis of Cambi's entitlement to coverage; in fact, Cambi states that the

insurer's agreement to advance defense costs is "subject to a reservation of rights." Cambi Mot. ¶ 7.

7. The Policy under which Cambi seeks recovery provides for payment of "the Loss of any Insured Person that . . . arises from any . . . Claim . . . made against such Insured Person . . . for any Wrongful Act of such Insured Person." Cambi Mot. Ex. A, p. 13 of 70. The Policy defines "Wrongful Act" as "any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act: (i) with respect to any Executive or Employee of an Organization, by such Executive or Employee *in his or her capacity as such* or any matter claimed against such Executive or Employee *solely by reason of his or her status as such*." Cambi Mot. Ex. A, p. 40 of 70 (emphasis added). Not surprisingly, the Policy does not provide coverage for Executives or Employees acting in their personal capacities.

8. The Policy defines "Executive", in relevant part, as a "past, present and future duly elected or appointed director, officer, trustee or governor of a corporation, management committee member of a joint venture and member of the management board of a limited liability company (or equivalent position)". Cambi Mot. Ex. A, p. 33 of 70. It defines "Employee", in relevant part, as "any past, present or future employee, other than an Executive of an Organization, whether such employee is in a supervisory, co-worker or subordinate position or otherwise, including any full-time, part-time, seasonal and temporary employee." *Id.*

9. "Organization" includes both Seed and its subsidiaries, Cambi Mot. Ex. A, p. 12 of 70; therefore, Executives and Employees (acting in their capacity as such) of the other debtors in the above-captioned cases, including WJB Mortgage, are covered by the Policy.

10. The Policy appears to be governed by the laws of the State of Colorado. Cambi Mot. Ex. A, p. 30 of 70 (arbitrator "must give due consideration to the general principles of the law of the State of Formation [Colorado] of the Named Entity [Seed]").

**OBJECTION**

11. Cambi is not entitled to proceeds of the Policy in connection with the MIMS Action, and therefore he has no standing to seek relief from the automatic stay to access such proceeds. Furthermore, any funds accessed by Cambi will reduce the funds available to others who actually are entitled to coverage, impacting creditors' recoveries if those funds would be paid in connection with an action brought by the chapter 7 trustee on behalf of the Debtors. The Cambi Motion therefore should be denied.

12. Section 362(d) provides that "[o]n request *of a party in interest* and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section . . . ." 11 U.S.C. § 362(d) (emphasis added). A party that is not a party in interest therefore cannot seek and obtain relief from the automatic stay. *See, e.g.*, *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 918 (B.A.P. 9th Cir. 2011) ("Without these rights [to enforce a Mortgage], Wells Fargo cannot make the threshold showing of a colorable claim to the Property that would give it prudential standing to seek stay relief or to qualify as a real party in interest.").

13. "Status as a party in interest under § 362(d) must be determined on a case-by-case basis, with reference to the interest asserted and how that interest is affected by the automatic stay." *Id.* at 913 (internal quotations omitted and alterations incorporated). "[A] party in interest in a bankruptcy case must have some legally protected interest that either has been adversely affected (thereby warranting judicial relief) or that is in actual danger of being adversely affected

(if relief is not granted)." *In re Alcide*, 450 B.R. 526 (Bankr. E.D. Pa. 2011) (citing *In re Global Industrial Technologies, Inc.*, 645 F.3d 201 (3d Cir. 2011) (*en banc*); 3 Collier on Bankruptcy ¶ 362.07[2], at 362-105 (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2010)). In order to be a "party in interest" with regard to, and therefore be eligible to bring, a motion for relief from the automatic stay to recover from an insurance policy, the movant must have an entitlement to recover from the insurance policy. *See, e.g.*, *In re LocatePlus Holdings Corp.*, 2011 WL 5240279 (Bankr. D. Mass. Oct. 31, 2011) (movant seeking recovery under insurance policy "has standing to seek relief from the automatic stay in view of its status as a third party beneficiary of the policy")

14. Under Colorado law, "[i]nsurance contracts, and endorsements to insurance contracts, are construed in accordance with general contract law. . . . If an insurance policy is clear and unambiguous, it should be enforced according to its plain terms." *Nicholls v. Zurich Am. Ins. Group*, 244 F. Supp. 2d 1144, 1155-56 (D. Co. 2003) (citing *FDCI v. Am. Cas. Co.*, 843 P.2d 1285, 1289-90 (Colo. 1992)). It is "clear and unambiguous" that the Policy only covers claims of a person acting in the capacity of an Executive or Employee, and not in the capacity of an affiliate, shareholder, or some other associated person, much less solely in his individual capacity.

15. Cambi has not been sued in his capacity, if any, as Executive or Employee of Seed or any of its Debtor affiliates. On it face, the Guaranty is a personal Guaranty signed by Cambi in his individual capacity. To the extent that Cambi argues that he signed the Guaranty in his representative capacity for one of the Debtors or any of their affiliates, his argument should not be given any credence, as that argument is contradicted by the plain language of the Guaranty. Cambi has never identified the entity or entities on behalf of which he claims to have

been acting.  Further, to the extent he argues that he was acting in his representative capacity for WJB Mortgage or WJB GP, Cambi's position makes no sense:  as noted above, the Guaranty guarantees the performance of those two entities.  If Cambi's interpretation were adopted, those entities would be guaranteeing their own obligations, a result neither MIMS nor any other rational party ever would have bargained for.  Cambi thus has *no* legally protected interest in the Policy, no standing to seek relief from the automatic stay to collect proceeds of the Policy, and the Cambi Motion should be denied.

16. Furthermore, any payment of funds under the Policy to Cambi would reduce the funds available under the Policy for the benefit of the estates and creditors.  To the extent that actions may be brought by the chapter 7 trustee in these cases against covered Executives or Employees on behalf of the Debtors, the Policy should be available for any judgments that may be entered, funds that would then be available for potential creditor recoveries.  Cambi notes that the insurer's agreement to advance defense costs is "subject to a reservation of rights."  Cambi Mot. ¶ 7. But this reservation of rights provides no protection to creditors, because there is no guarantee that erroneously advanced funds will be recoverable from Cambi.  The relief sought in the Cambi Motion, therefore, is not only relief to which Cambi is not entitled, but also relief that has the potential to cause significant harm to the Debtors' estates.

## RESERVATION OF RIGHTS

17. Loan LP reserves all rights with regard to the Cambi Motion, including the right to raise any further objections at or prior to a hearing on the Cambi Motion.

**CONCLUSION**

WHEREFORE, Loan LP respectfully requests that this Court enter an order denying the Cambi Motion and granting such other or further relief as this Court deems just and proper.

Dated:  March 14, 2017
        Wilmington, Delaware

A%SHBY & G%EDDES, P.A.

*/s/ Benjamin W. Keenan*
William P. Bowden (No. 2553)
Benjamin W. Keenan (No. 4724)
F. Troupe Mickler, IV (No. 5361)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile:  (302) 654-2067

– and –

S%IDLEY A%USTIN LLP
John G. Hutchinson
Lee S. Attanasio
Andrew P. Propps
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile:  (212) 839-5599

*Counsel for WJB Loan LP*