**EXHIBIT C**
**Guaranty**

{01196225;v1 }

## LIMITED GUARANTY

Dated: December 8, 2015

In consideration of that certain Second Amended and Restated Limited Partnership Agreement of WJB LOAN LP, dated as of the date hereof (the "**Loan LPA**"), by and among WJB GENERAL PARTNER, LLC, a Delaware limited liability company, as the general partner ("**General Partner**"), W.J. BRADLEY COMPANY MERCHANT PARTNERS, LLC, as the initial limited partner ("**Withdrawing Limited Partner**"), and MIMS MASTER FUND, L.P., a Delaware limited partnership, as a limited partner (together with it successors and assigns, "**Limited Partner**"), relating to WJB LOAN LP, a Delaware limited partnership (the "**Partnership**"), the undersigned (sometimes hereinafter called "**Guarantor**") does hereby unconditionally guarantee to Limited Partner and its successors and assigns the full and timely payment, performance and observance of, and compliance with all of General Partner's, the Partnership's and W.J. Bradley Mortgage Capital, LLC's obligations under or in connection with the Loan LPA, including, without limitation, the full and prompt payment of all Unpaid Preferred Return or unreturned Capital Contribution (each as defined in the WJB LOAN LPA as of the date hereof), including, without limitation, the Limited Partner's reasonable attorneys' fees and disbursements in enforcing and collecting such amounts (collectively, the "**Obligations**"), pursuant to the terms and conditions as set forth in this Limited Guaranty (this "**Guaranty**").

### RECITALS

A. Guarantor is the controlling shareholder and Manager of Springfield Capital, LLC. Springfield Capital, LLC will (either contemporaneously with execution of this Guaranty or reasonably promptly thereafter) acquire a controlling interest in W.J. Bradley Company Merchant Partners 2003-SEED, LLC ("**Parent**") and enter into that certain Fourth Amended and Restated Operating Agreement of W.J. Bradley Company Merchant Partners 2003-SEED, LLC whereby Guarantor will become a Manager and member of the Board of Parent.

B. Parent wholly owns and controls W.J. Bradley, LLC, a Delaware limited liability company, which in turn wholly owns Withdrawing Limited Partner and W.J. Bradley Company Holdings, LLC.

C. Withdrawing Limited Partners owns 99% of and controls, and W.J. Bradley Company Holdings, LLC owns 1% of, W.J. Bradley Mortgage Capital, LLC, a Delaware limited liability company ("**Mortgage Capital**"). Mortgage Capital is in the business of originating, acquiring, marketing, selling and servicing 1-4 family residential mortgage loans, including the servicing rights thereto (collectively, the "**Mortgage Loans**") secured by mortgages (or, if applicable, deeds to secure debt or deeds of trust) on residential real property and facilitating the securitization of such Mortgage Loans through Ginnie Mae, Fannie Mae or Freddie Mac ("**MBS**").

D. Pursuant to the Loan LPA, Limited Partner will make investments in the Partnership (each, an "**Investment**") in order for the Partnership to purchase Mortgage Loans (or participation interests in Mortgage Loans) from Mortgage Capital and to hold such Mortgage Loans (or such participation interests), and Mortgage Capital will have the obligation to sell such Mortgage Loans (or participation interests in Mortgage Loans) to investors or exchange them for MBS and sell to investors or repurchase such Mortgage Loans (or participation interests in Mortgage Loans) from the Partnership. Mortgage Capital is the sole and managing member of General Partner, which in turn is the general

        partner of the Partnership and, in connection therewith, Mortgage Capital, General Partner and the Partnership owe certain obligations to Limited Partner.

G.     As the majority shareholder of Parent through Springfield Capital, LLC, Guarantor and its affiliates will directly benefit as a result of General Partner's Investments in the Partnership pursuant to the Loan LPA.

H.     The execution and delivery of this Guaranty is a condition precedent to Limited Partner's Investments in the Partnership pursuant to the Loan LPA.

1.     <u>Representations, Warranties and Covenants</u>. Guarantor hereby represents, warrants and covenants the following to Limited Partner as of the date hereof:

    1.1.     All of the statements made in the Recitals above are true and correct in all respects and there is no omission of a material fact required to be stated therein or necessary to make the information and statements therein not misleading.

    1.2.     Guarantor shall give Limited Partner ten (10) days prior written notice of any meeting during which Guarantor will cause or allow the Board to cause and change in the voting requirements or other material changes to the operating agreement of Parent.

    1.3.     Guarantor shall notify Limited Partner immediately upon Guarantor's knowledge of any action that threatens Guarantor's control of the Board of Parent, including without limitation, any change in voting requirements of the Board of Parent, the removal of Guarantor as a Manager on the Board of Parent, or the addition of any additional Manager to the Board of Parent.

    1.4.     Guarantor shall cause General Partner to refrain from contesting any decision of Limited Partner made pursuant to the Loan LPA (provided that the Loan LPA provides that such decision may be made by Limited Partner in its sole or reasonable discretion), including without limitation Limited Partner's decision at any time that a Cause Event (as defined in the Loan LPA) has occurred and is continuing.

2.     <u>Dissolution of General Partner</u>. Following the Minimum Investment Period (as defined in the Loan LPA as of the date hereof), upon the direction of Limited Partner, Guarantor shall cause the Board of Parent to cause the dissolution and wind down of General Partner as soon as practicable following such direction from Limited Partner, and shall cause any necessary shareholder consents of Springfield Capital, LLC as the controlling shareholder of Parent to be issued in order to effectuate such dissolution and wind down.

3.     <u>Limited Guaranty</u>. Guarantor does hereby unconditionally guarantee to Limited Partner and its successors and assigns the full and timely payment, performance and observance of, and compliance with all of the Obligations. Notwithstanding the foregoing or anything herein to the contrary, Guarantor shall no longer be liable for the Obligations and this Guaranty shall be terminated and no longer of any force and effect provided that: (i) Guarantor has not breached any representation and warranty contained herein; (ii) Guarantor has complied with all of its covenant obligations contained herein; and (iii) if any of the following has occurred (A) the Partnership has been dissolved and liquidated prior to the end of the Minimum Investment Period, (B) the Partnership has been dissolved and liquidated by Limited Partner pursuant to a Cause Event, or (C) Guarantor has caused the dissolution and wind down upon Limited Partner's direction as described in Paragraph 2 above. The undersigned waives any notice of nonpayment, non-performance, non-observance, or non-compliance, or proof, notice, or demand whereby to charge the undersigned. The undersigned hereby further expressly covenants and agrees that

the obligation of the undersigned hereunder shall in no way be terminated or otherwise affected or impaired by reason of any assertion by Limited Partner against Mortgage Capital, General Partner or the Partnership of any of the rights or remedies available to Limited Partner pursuant to the Loan LPA or allowed at law or in equity.

This Guaranty is an absolute and unconditional guaranty of payment and performance. The undersigned hereby covenants and agrees to and with Limited Partner and its successors and assigns, that the undersigned may be joined in any action or proceeding against Mortgage Capital, General Partner or the Partnership in connection with the Obligations, and that recovery may be had against the undersigned in such action or proceeding or in any independent action or proceeding against the undersigned without Limited Partner or its successors or assigns first pursuing or exhausting any remedy or claim against Mortgage Capital, General Partner or the Partnership or their successors or assigns or any other remedy or claim under any other security for, or guaranty of, the obligations of Mortgage Capital, General Partner or the Partnership under the Loan LPA.

This Guaranty shall be a continuing guaranty, and, subject to the terms hereof, shall survive the expiration date or earlier termination of the Loan LPA until the satisfaction of the Obligations. The undersigned further covenants and agrees that this Guaranty shall not be affected or impaired by, and shall remain and continue in full force and effect as to any renewal, modification or extension of the Loan LPA and shall cover, apply to and incorporate all of the terms, covenants and conditions of all such renewals, modifications or extensions without need of any notice to or consent of the undersigned.

This Guaranty cannot be modified, waived or terminated unless such modification, waiver or termination is in writing, signed by Limited Partner and Guarantor.

As a further inducement to Limited Partner to make and enter into the Loan LPA, Guarantor covenants and agrees that (i) in any action or proceeding brought in respect of this Guaranty, the undersigned hereby waives trial by jury, (ii) the Supreme Court of the State of New York of the County of New York (or, in a case involving diversity of citizenship, the United States District Court for the Southern District of New York) shall have jurisdiction of any action or proceeding, and (iii) service of any summons and complaint or other process in any such action or proceeding may be made by certified mail directed to the undersigned at the address below set forth, personal service being hereby waived. This Guaranty shall be enforced and construed in accordance with the laws of the State of New York and shall be binding upon and inure to the benefit of Limited Partner and the undersigned and their respective heirs, executors, administrators, successors and assigns.

In the event of the bringing of any action or suit by a party hereto against another party hereunder to enforce any provisions of this Guaranty, then in that event the prevailing party shall be entitled to have and recover from the other party hereto all costs and expenses of the action or suit and any appeals therefrom, including reasonable attorneys' fees and court costs and costs of expert witnesses, and fees incurred to enforce any judgment therefrom.

IN WITNESS WHEREOF, the undersigned has executed this Guaranty as of the date first above written.

_____
Name: Joseph A. Cambi
Address: 290 SHAKER ROAD
Longmeadow, MA
01106

-3-