## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.J. BRADLEY MORTGAGE CAPITAL, LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 7<br><br>Case No. 16-11049 (BLS)<br>Jointly Administered<br><br>**Hearing Date: April 7, 2020 at 9:00 am**<br>**Objection Date: March 11, 2020 at 4:00 pm** |

## STATEMENT OF FEES FOR PROFESSIONAL SERVICES RENDERED
## AND DISBURSEMENTS INCURRED BY KAUFMAN, COREN & RESS, P.C.
## AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, GEORGE L. MILLER

| | |
|---|---|
| Name of Applicant: | Kaufman, Coren & Ress, P.C. ("KCR") |
| Authorized to Provide Professional Services to: | Special Counsel to the Chapter 7 Trustee, George L. Miller |
| Date of Retention: | Order signed July 28, 2016, granting *nunc pro tunc* employment as of July 6, 2016 |
| Period for which compensation and reimbursement is sought: | January 1, 2020 through January 31, 2020 |
| Amount of Compensation sought as actual, reasonable and necessary: | $8,750[2] |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $334.28 |
| This is a ■ Interim □ Final □ Monthly Application | |

---

[1]    The Debtors are: W.J. Bradley Company Merchant Partners 2003-SEED, LLC, Case No. 16-11048; W.J. Bradley Mortgage Capital, LLC, Case No. 11049; W.J. Bradley Corporate Services, LLC, Case No. 11050; W.J. Bradley Financial Services, LLC, Case No. 11051; and WJB Mortgage Services, LLC, Case No. 11052.

[2]    In accordance with Paragraphs 23-26 of this Application, KCR seeks and is entitled to a contingent fee of $8,750, calculated as follows: Financial Benefit of $25,000 X 35% = $8,750.

**EXPENSE SUMMARY**

| Expense Category | Service Provider | Total Expense |
|---|---|---|
| Computer Assisted Legal Research | Westlaw | $334.28 |
| | **TOTAL:** | **$334.28** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>W.J. BRADLEY MORTGAGE CAPITAL,<br>LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 16-11049 (BLS)<br>Jointly Administered<br><br>**Hearing Date: April 7, 2020 at 9:00 am**<br>**Objection Date: March 11, 2020 at 4:00 pm** |

**SECOND INTERIM APPLICATION FOR PAYMENT OF CONTINGENT FEE AND
FOR REIMBURSEMENT OF COSTS AND EXPENSES OF KAUFMAN, COREN &
RESS, P.C., AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, GEORGE L.
MILLER, FOR THE PERIOD OF JANUARY 1, 2020 THROUGH JANUARY 31, 2020**

Kaufman, Coren & Ress, P.C. ("KCR"), as special counsel to the Chapter 7 Trustee,

George L. Miller, (the "Trustee") in the above-captioned Chapter 7 cases of W.J. Bradley

Mortgage Capital, LLC, *et al.*, hereby applies (the "Application") for payment of a contingent fee

in the amount of $8,750, and reimbursement of expenses in the amount of $334.28 for the period

from January 1, 2020 through January 31, 2020 (the "Application Period").

KCR files this Application under sections 328, 330 and 331 of Title 11 of the United States

Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule

2016-2 of the Local Rules of Bankruptcy Practice and Procedure, and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Under

11 U.S.C. § 330.

---

[1]    The Debtors are: W.J. Bradley Company Merchant Partners 2003-SEED, LLC,
Case No. 16-11048; W.J. Bradley Mortgage Capital, LLC, Case No. 11049; W.J. Bradley
Corporate Services, LLC, Case No. 11050; W.J. Bradley Financial Services, LLC, Case No.
11051; and WJB Mortgage Services, LLC, Case No. 11052.

In this Application, KCR seeks payment of a contingent fee of $8,750 and reimbursement of expenses in the amount of $334.28 for the Application Period.  In support of the Application, KCR respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief sought in this application are Bankruptcy Code §§ 328, 330, and 331.

**BACKGROUND**

2.      George L. Miller is the duly appointed Chapter 7 Trustee (the "Trustee") of the Debtors W.J. Bradley Company Merchant Partners 2003-SEED, LLC; W.J. Bradley Mortgage Capital, LLC; W.J. Bradley Corporate Services, LLC; W.J. Bradley Financial Services, LLC; and WJB Mortgage Services, LLC (collectively, the "Debtors").

3.      On April 28, 2016 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), with the cases being jointly administered under the caption, *In re W.J. Bradley Mortgage Capital, LLC, et al.*, U.S.B.C. D. Del., Case No. 16-11049 (BLS) (collectively, the "W.J. Bradley Bankruptcy Case").

4.      On July 28, 2016, this Court entered an order authorizing the employment and retention of KCR as Special Counsel for George L. Miller, Chapter 7 Trustee *nunc pro tunc* effective as of July 6, 2016 (the "Retention Order").  A true and correct copy of the Retention Order is attached hereto as Exhibit "A."  At all relevant times, KCR has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code (the "Code") and has not

2

represented nor held any interest adverse to the interest of the Debtors or the Debtors' estates in connection with the matter for which KCR is engaged.

5.      The Retention Order approved the Trustee's application to employ KCR, pursuant to a Fee Agreement which provided, *inter alia*, as follows: KCR shall be entitled to receive a contingent fee in an amount equal to thirty-five percent (35%) of the "Financial Benefit" (as defined in the Fee Agreement) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtors.  A true and correct copy of the Fee Agreement is attached hereto as Exhibit "B."

6.      Pursuant to the Retention Order and Fee Agreement, the Trustee from the Debtor's estates shall be responsible to pay, and shall reimburse KCR for all out-of-pocket costs and expenses incurred in connection with the investigation and prosecution of litigation claims, including, but not limited to, costs and expenses for filing fees, expert fees, postage, travel, couriers, meals, lodging, court reports, transcripts, secretarial overtime, and photocopying.

## SUMMARY OF SERVICES

7.      On behalf of the Trustee and the Debtors, KCR commenced an investigation and analysis into claims as it relates to the Debtors' relationship with their former officers, directors, vendors, customers, attorneys, and other entities and individuals, as well as various transfers received by such entities and individuals, including Peter Picknelly ("Picknelly").   The investigation involved the collection, review, and analysis of multiple voluminous sources of debtor records and electronically stored information.

8.      KCR's investigation, analysis, and pursuit of adversary proceedings on behalf of the Trustee led to the settlement discussed below.

9.      On April 16, 2018, via a Complaint prepared by KCR (the "Complaint"), the Trustee commenced an adversary proceeding in this Court captioned *Miller v. Bradley, et al.*, Adv.

Pro. No. 18-50385-KG (the "Adversary Proceeding") against William J. Bradley ("Bradley"), Joseph A. Cambi ("Cambi"), Gerard Levins ("Levins"), Audrey Kirdar ("Kirdar"), Daniel Baruch ("Baruch"), Howard Michalski ("Michalski"), Springfield Capital, LLC ("Springfield"), Arthur S. Demoulas ("Demoulas"), ASD Merchant Partners LLC ("ASD"), Arthur S. Demoulas Continuation Trust ("Continuation Trust"), Arthur S. Demoulas 2012 Trust ("2012 Trust"), and Picknelly (collectively, the "Adversary Defendants").

10.    In the Adversary Proceeding, the Trustee asserts claims for beach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, unjust enrichment and claims to avoid and recover certain transfers under the Bankruptcy Code and state law.

11.    Bradley, Cambi, Levins, Kirdar, Baruch, Michalski and Springfield all filed Motions to Dismiss the Complaint, which were denied in part, and granted in part, by this Court.

12.    All the Adversary Defendants subsequently filed Answers and Affirmative Defenses in which they disputed liability.

13.    On December 18, 2019, the Trustee and the Adversary Defendants engaged in a full day mediation with the Honorable Myron T. Steele, former Chief Justice of the Delaware Supreme Court (and now a partner at Potter, Anderson & Corroon LLP) (the "Mediation").

14.    At the Mediation, the Trustee, on behalf of the Debtors, and Bradley, Cambi, Levins, Kirdar, Baruch, Michalski and Springfield reached a settlement of the Trustee's claims against those Defendants.

15.    No settlement was reached between the Trustee and Picknelly at the Mediation, but the parties engaged in good faith arms' length negotiations following the Mediation and have reached a settlement of the Trustee's claims against Picknelly in the Adversary Proceeding (the

4

"Settled Claims").  The terms of the settlement with Picknelly were memorialized in a settlement agreement (the "Picknelly Settlement Agreement").

16.     No settlement has been reached between the Trustee on the one hand and Demoulas, the Continuation Trust, and the 2012 Trust (collectively, the "Demoulas Defendants"), on the other hand.  The Adversary Proceeding will continue against the Demoulas Defendants.

17.     On February 10, 2020, the Trustee filed a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking approval of the Picknelly Settlement Agreement.

## RELIEF REQUESTED

### Contingent Fee

18.     KCR submits that all services for which it seeks compensation were performed for, or on behalf of, George L. Miller, Chapter 7 Trustee.

19.     The efforts put forth and the activities engaged in by KCR as Special Counsel to the Trustee include, but are not limited to, the following:

   a.  KCR's expenditure of more than 1599 hours of attorney time and 34 hours of paralegal time from inception through December 31, 2019 with a time value, based on KCR's normal billing rates, of $732,065.00 (the hours expended by attorney and the time value of services at KCR's normal billing rates are reflected on Exhibit "C" attached hereto);

   b.  Conducting a substantial investigation into the claims in dispute;

   c.  Reviewing and analyzing numerous sources of information obtained from the Debtors;

   d.  Numerous telephone conferences, face-to-face meetings, and correspondence on all aspects of the investigation;

   e.  Researching numerous legal issues;

   f.  Preparation and filing of the Complaint; and

     g.   Engagement in settlement negotiations, including, *inter alia*, preparation for and attendance at a full day mediation which ultimately resulted in the Picknelly Settlement Agreement with respect to which KCR now seeks a contingent fee.

20.     In accordance with the Fee Agreement, KCR is entitled to a contingent fee equal to thirty-five percent (35%) of the "Financial Benefit" recovered or obtained by or on behalf of the Trustee and/or the Debtors in connection with the Adversary Proceeding.  For purposes of determining KCR's contingent fee, the Financial Benefit is the amount of the Settlement Proceeds provided for in the Picknelly Settlement Agreement, i.e., $25,000.

21.     Accordingly, KCR seeks and is entitled to a contingent fee of $8,750, calculated as follows: total Financial Benefit of $25,000 X 35% = $8,750.

22.     KCR agrees that its entitlement to the total amount of the requested contingent fee is contingent upon the Bankruptcy Court's approval of the Picknelly Settlement Agreement and the Trustee's receipt of the settlement proceeds therefrom.

23.     In accordance with 11 U.S.C. Section 328 and the factors enumerated in 11 U.S.C. Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by KCR is fair and reasonable given (a) the preapproval of the terms and conditions of the engagement, (b) the complexity of the investigation and adversary proceedings, (c) the time expended, (d) the nature and extent of the services rendered, (e) the value of such services, (f) the costs of comparable services other than in a case under this title, and (g) the recovery of $25,000 on behalf of the Trustee and the Debtors.

**Actual and Necessary Expenses**

24.     A summary of actual and necessary expenses incurred/paid by KCR for the Application Period is attached hereto as Exhibit "D."  On-line legal research (Westlaw) is charged to clients at KCR's discounted cost.  The standard cost of Westlaw research sessions is discounted

each month by allocating the savings realized during that month pursuant to special contracts KCR has negotiated with Westlaw.

25.     KCR believes that the charges for which it seeks payment/reimbursement are in accordance with the American Bar Association ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Local Rules 2016-2 Certification

26.     KCR hereby certifies that it has reviewed the requirements of Rule 2016-2 of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and that this Application and the exhibits attached hereto substantially comply with Bankruptcy Rules 2016-2.  KCR further certifies that it has not included Local Form 102 but has instead included the information sought by that form in the body of this Application or in the attachments to the Application

WHEREFORE, Kaufman, Coren & Ress, P.C., respectfully requests: (a) that it be awarded a contingent fee of $8,750 as provided in this Application, contingent upon the Bankruptcy Court's approval of the Picknelly Settlement Agreement; (b) that it be allowed reimbursement/payment of expenses in the amount of $334.28 for the period from January 1, 2020 through January 31, 2020; (c) that the Court approve the Trustee's allocation of the contingent fee and expenses requested in this Application; and (d) that the Court authorize and direct the Trustee to pay Kaufman, Coren & Ress, P.C. the amounts approved by and consistent with the Order of the Court.

7

Dated: February 26, 2020                    Respectfully submitted,

                                            */s/Ronald S. Gellert*
                                            Ronald S. Gellert, Esq. (DE No. 4259)
                                            Gellert Scali Busenkell & Brown LLC
                                            1201 N. Orange Street, 3rd Floor
                                            Wilmington, DE 19801
                                            (302) 425-5806

                                            Steven M. Coren, Esq. (admitted *pro hac vice*)
                                            Benjamin M. Mather, Esq. (admitted *pro hac vice*)
                                            Francis X. Lane, Esq. (admitted *pro hac vice*)
                                            Kaufman, Coren & Ress, P.C.
                                            Two Commerce Square, Suite 3900
                                            2001 Market Street
                                            Philadelphia, PA 19103
                                            (215) 735-8700

                                            *Counsel for George L. Miller, Plaintiff and Chapter
                                                7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.J. BRADLEY MORTGAGE CAPITAL, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 16-11049 (BLS)<br>Jointly Administered |

### UNSWORN DECLARATION UNDER 28 U.S.C. § 1746

A.  I am a shareholder of the applicant firm, Kaufman, Coren & Ress, P.C. ("KCR"), which has served as Special Counsel for the Trustee in the above-captioned matter.

B.  I have personally performed some of the legal services rendered by KCR and am familiar with the other work performed on behalf of the Trustee by the lawyers in the firm.

C.  I have reviewed the foregoing Second Interim Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that this Second Interim Application substantially complies with such Rule.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: February 25, 2020

_____
Steven M. Coren

---

[1]  The Debtors are: W.J. Bradley Company Merchant Partners 2003-SEED, LLC, Case No. 16-11048; W.J. Bradley Mortgage Capital, LLC, Case No. 11049; W.J. Bradley Corporate Services, LLC, Case No. 11050; W.J. Bradley Financial Services, LLC, Case No. 11051; and WJB Mortgage Services, LLC, Case No. 11052.