# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| W.J. BRADLEY MORTGAGE CAPITAL, LLC, *et al.*, | : Case No. 16-11049 (KG) |
| | : |
| | : (Jointly Administered) |
| Debtors.[1] | : |
| | : RE: D.I. 83 & D.I. 106 |
| | : |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(e) & 328 AUTHORIZING EMPLOYMENT AND RETENTION OF STEVEN M. COREN, ESQUIRE AND KAUFMAN, COREN & RESS, P.C. AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, *NUNC PRO TUNC*, EFFECTIVE AS OF JULY 6, 2016**

Upon the Application of George L. Miller, the chapter 7 trustee (the "Chapter 7 Trustee") for the estates of the above-captioned Debtors (the "Debtors"), pursuant to 11 U.S.C. §§ 327(e) and 328 for Authority to Employ and Retain Steven M. Coren, Esquire and Kaufman, Coren & Ress, P.C. (collectively, "KC&R") as Special Counsel for the Chapter 7 Trustee, *nunc pro tunc*, effective as of July 6, 2016 (the "Application") filed by the Chapter 7 Trustee in these cases (the "Cases"); and upon the Affidavit of Steven M. Coren (the "Affidavit"), which is attached to the Application; and the Court being satisfied based upon the representations made in the Application and the Affidavit that said attorneys hold no interest adverse to the Chapter 7 Trustee or the Debtors' estates with respect to the matters upon which they are to be engaged, and that the employment of KC&R is necessary and would be in the best interests of the Debtors' estates and their creditors; and it appearing that the Court has jurisdiction over this

---

[1] The Debtors in these chapter 7 cases, along with each of their bankruptcy case numbers, are: W.J Bradley Company Merchant Partners 2003-SEED, LLC (16-11048); W.J. Bradley Mortgage Capital, LLC (16-11049); W.J. Bradley Corporate Services, LLC (16-11050); W.J. Bradley Financial Services, LLC (16-11051); and, WJB Mortgage Services, LLC (16-11052).

matter; and it appearing that due and proper notice of the Application has been given; and after due deliberation, and sufficient cause appearing therefor; it is hereby

ORDERED that the Application is GRANTED; and it is further

ORDERED that pursuant to sections 327(e) and 328 of the Bankruptcy Code, the Chapter 7 Trustee is authorized to employ and retain KC&R as special counsel in these Cases and upon the terms and conditions set forth in the Application (and the Fee Agreement attached thereto) and the Affidavit, effective as of July 6, 2016. The terms of compensation set forth in the Fee Agreement are hereby preapproved under 11 U.S.C. Section 328(a); and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 28 2016
Wilmington, Delaware

The Honorable Kevin Gross
United States Bankruptcy Judge

# Exhibit B

## FEE AGREEMENT

THIS FEE AGREEMENT is entered into this 6TH day of July, 2016, by and between GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of the Bankruptcy Estates of W.J. BRADLEY COMPANY MERCHANT PARTNERS 2003 - SEED, LLC, *et al.*, (the "Trustee"), and STEVEN M. COREN, ESQUIRE and KAUFMAN, COREN & RESS, P.C. (collectively, "KC&R"), a professional corporation engaged in the practice of law with offices at Two Commerce Square, 2001 Market Street, Suite 3900, Philadelphia, Pennsylvania 19103-7042.

## BACKGROUND OF AGREEMENT

A.  W.J. Bradley Company Merchant Partners 2003-Seed, LLC, W.J. Bradley Mortgage Capital, LLC, W.J. Bradley Corporate Services, LLC, W.J. Bradley Financial Services, LLC, and W.J. Bradley Mortgage Services, LLC (collectively, the "Debtors") are Chapter 7 debtors in bankruptcy proceedings (collectively, the "Bankruptcy Proceedings") pending in the United States Bankruptcy Court for the District of Delaware, captioned: *In re: W.J. Bradley Company Merchant Partners 2003-Seed, LLC*, No. 16-11048-KG; *In re: W.J. Bradley Mortgage Capital, LLC*, No. 16-11049-KG; *In re: W.J. Bradley Corporate Services, LLC*, No. 16-11050-KG; *In re: W.J. Bradley Financial Services, LLC*, No. 16-11051-KG; and, *In re: W.J. Bradley Mortgage Services, LLC*, No. 16-11052-KG. The Trustee is the court-appointed Chapter 7 Trustee of the Debtors' bankruptcy estates, which are being jointly administered under the caption: *In re: W.J. Bradley Mortgage Capital, LLC, et al.*, Case No. 16-11049(KG).

B.  The Trustee desires to engage KC&R as special counsel.

C.  KC&R has agreed to accept the engagement and to represent the Trustee and the Debtors' bankruptcy estates, in accordance with the terms and conditions herein set forth.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, the parties agree as follows:

### 1. Incorporation of Background Paragraphs.

Background Paragraphs A. through C. above are incorporated herein in full and made a part hereof as if set forth herein in full.

### 2. Engagement of KC&R.

The Trustee hereby retains and engages KC&R and KC&R hereby accepts the engagement as special counsel to perform legal services, including, but not limited to, the following: (i) to investigate the conduct of the Debtors' officers, directors, non-debtor affiliates, equity holders, debt holders, lenders, professionals, other insiders and parties who transacted business with or received

property from the Debtors; (ii) to investigate various transactions, transfers or dealings by, from between, among, involving and/or with the Debtors and the Debtors' officers, directors, non-debtor affiliates, equity holders, debt holders, lenders, professionals, other insiders and their affiliates, including, but not limited to the transaction(s) arising out of or in connection with that certain Membership Interest Purchase Agreement made and entered into as of April 2, 2015 between and among Debtor W.J. Bradley Company Merchant Partners 2003-SEED, LLC, Springfield Capital, LLC and ASD Merchant Partner, LLC, and any/all other transactions or matters involving the following: William J. Bradley, Roy W. Browning, III, Arthur S. DeMoulas, Joseph A. Cambi, Peter A. Picknelly, Springfield Capital, LLC, Gerard J. Levins, Audrey Mendoza Kirdar, ASD Merchant Partners, LLC, W.J. Bradley Merchant Partners, LLC, Arch & Beam Global, LLC, Sheppard Mullin Richter & Hampton, LLP, W.J. Bradley, LLC, MTGCAP WJ Bradley Mortgage Capital LLC, EF Holdco, Inc., Ellington Financial Management, LLC, Towne Mortgage Company, Texas Capital Bank, NA, WJB Loan, LP, Arthur S. DeMoulas 2012 Trust, Arthur S. DeMoulas Continuation Trust, and MIMS Master Fund, L.P.; (iii) to pursue any claims or matters as the Trustee shall desire with respect to any claims, causes of action or other theories of recovery in connection with transactions or matters, or against any or all of the parties, identified in Section 2 (i) and (ii) above (collectively, the "Litigation Claims"); (iv) to assist the Trustee in the preparation of necessary applications, complaints, answers, orders, reports and all other pleadings with respect to the Litigation Claims; and (v) to provide any and all other legal services to the Trustee which may be necessary or desirable with respect to the Litigation Claims.

### 3. Compensation for Investigation and Pursuit of Litigation Claims.

3.1 The Trustee hereby agrees that KC&R will be compensated for its services on a contingent fee basis, as follows: KC&R shall be entitled to receive an amount equal to Thirty-Five Percent (35%) of the "Financial Benefit" (as defined in Section 3.2 below) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtors' bankruptcy estates in connection with the Litigation Claims, whether recovered by settlement, judgment, award, verdict or otherwise.

3.2 For purposes of this section, the "Financial Benefit" recovered by or on behalf of the Trustee and/or the Debtors' bankruptcy estates shall include, but shall not necessarily be limited to, all monies received or recovered (including all sums received on account of compensatory damages, punitive damages, and attorneys' fees), and the fair market value of all other property recovered or received and the value of any claim reduction, credits, setoffs, adjustments, reductions of forgiveness of any claim or charge.

### 4. Payment of Costs and Expenses.

The Trustee for the Debtors' bankruptcy estates shall be responsible for, and shall reimburse KC&R for all out-of-pocket costs and expenses incurred in connection with the investigation and prosecution of the Litigation Claims, including, but not limited to, costs and expenses for filing fees, postage, travel, couriers, experts, meals, lodging, court reporters, transcripts, secretarial overtime, and photocopying.

### 5. Miscellaneous.

**5.1 Binding Nature of Fee Agreement.** This Fee Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective trustees, personal representatives, successors and assigns.

**5.2 Entire Agreement.** This Fee Agreement contains the entire understanding and agreement of and between the parties with respect to the subject matter hereof, and supersedes all prior and contemporaneous agreements and understandings, inducements or conditions, express or implied, oral or written, except as specifically provided herein. This Fee Agreement may not be modified or amended other than by an agreement in writing signed by all of the parties hereto.

**5.3 Right to Withdraw.** KC&R shall have the right and option to withdraw its representation, subject to Court approval, in the event that facts come to its attention which lead KC&R to conclude that the Litigation Claims should not be pursued.

**5.4 Receipt of Agreement.** The Trustee hereby acknowledges receipt of a duplicate copy of this Fee Agreement.

**5.5 Partial Invalidity.** Should any one or more of the provisions of this Fee Agreement be held, for any reason, to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Fee Agreement, this Fee Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein, and this Fee Agreement shall be construed to modify, limit and amend any such invalid, illegal or unenforceable provision(s) so as to be enforceable to the extent compatible with the applicable law as it shall then appear.

**5.6 Headings Not Part of Fee Agreement.** Any headings preceding the text of any of the sections or subsections of this Fee Agreement are inserted solely for convenience of reference and shall not constitute a part of this Fee Agreement and therefore shall not affect its interpretation.

**5.7 Fee Agreement to be Submitted for Court Approval.**

The parties acknowledge and agree that this Fee Agreement shall be submitted for the approval of the Court in the Bankruptcy Proceedings as part of an application to employ KC&R as special counsel. In the event that the Court does not approve this Fee Agreement, then this Fee Agreement shall be rendered null and void, and KC&R shall have no obligation to represent the Trustee or the Debtors' bankruptcy estates. In the event that the Court approves the application to employ KC&R, such approval shall constitute preapproval of the terms of compensation set forth in this Fee Agreement under 11 U.S.C. Section 328(a).

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as of

the day and year set forth above.

_____
GEORGE L. MILLER,
CHAPTER 7 TRUSTEE FOR W.J. BRADLEY
COMPANY MERCHANT PARTNERS 2003 - SEED, LLC, *et al.*

_____
STEVEN M. COREN


KAUFMAN, COREN & RESS, P.C.

_____
By: Steven M. Coren, V.P.

G:\Docs\W.J. BRADLEY\Fee Agreement\FEEAGT w- Trustee.revised.7-6-16.wpd

Page 4 of 4

# Exhibit C

**KCR Professional Time From Inception Through October 31, 2019**

| Professional | Position and Years of Practice | Hours Expended | Hourly Rate | Time Value |
|---|---|---|---|---|
| Steven M. Coren | Partner Practicing Since 1980 | 18.5 | $750 | $13,875.00 |
| | | 17.4 | $800 | $13,920.00 |
| | | 65.6 | $850 | $55,760 |
| Douglas Evan Ress | Partner Practicing Since 1979 | 0.5 | $650 | $325.00 |
| Benjamin M. Mather | Partner Practicing Since 2002 | 129.8 | $475 | $61,655.00 |
| | | 120.5 | $525 | $63,262.50 |
| | | 346.4 | $550 | $190,520.00 |
| David M. DeVito | Former Partner Practicing Since 2006 | 1.6 | $415 | $664.00 |
| | | 4.1 | $435 | $1,783.50 |
| Andrew J. Belli | Partner Practicing Since 2008 | 50.2 | $395 | $19,829.00 |
| | | 9.8 | $415 | $4,067.00 |
| | | 17.6 | $435 | $7,656.00 |
| Francis X. Lane | Associate Practicing Since 2005 | 740.7 | $375 | $277,762.50 |
| Janice Daul | Associate Practicing Since 2015 | 51.7 | $235 | $12,149.50 |
| | | 0.8 | $260 | $208.00 |
| Morgan Birch | Former Associate Practicing Since 2015 | 22.3 | $230 | $5,129.00 |
| Melissa Mazur | Associate Practicing Since 2013 | 2.3 | $250 | $575 |
| Erin Mullen | Paralegal | 34.4 | $85 | $2.924.00 |
| **TOTAL** | | **1,634.2** | | **$732,065** |

# Exhibit D

**EXPENSE SUMMARY**

| Expense Category | Service Provider | Total Expense |
|---|---|---|
| Computer Assisted Legal Research | Westlaw | $334.28 |
| **TOTAL:** | | **$334.28** |